UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CABRERA,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>    Respondent. | NO. EDCV 12-1554-JVS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

    The Report found that Petitioner's conviction was final on June 8, 2010, pursuant to 28 U.S.C. § 2244(d)(1)(A). (Report at 3.) Thus, absent tolling or application of a different subdivision of § 2244(d)(1), the one-year statute of limitations expired on June 8, 2011. (*Id.* at 3, 5-10.) Petitioner filed here on September 11, 2012, or 461 days after expiration of the limitations period. (*Id.* at 3.) Petitioner contends that the number of days is 352, not 461. (Objections at

2.) Petitioner appears to base his contention on state habeas filings.  (*Id.*)  However, those filings are irrelevant to the question of when his conviction became final under § 2244(d)(1)(A), which occurred 90 days after the California Supreme Court denied Petitioner's petition for review on direct appeal.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Although state habeas petitions are relevant to statutory tolling, the Report correctly found that Petitioner was not entitled to statutory tolling because his first habeas petition was filed before his conviction became final and his next state habeas petition was filed after expiration of the limitations period.  (Report at 3-4.)

In his opposition to the motion to dismiss filed on October 29, 2012, Petitioner did not raise a claim of actual innocence.  However, on April 18, 2013, Petitioner filed a document entitled "Additional Evidence Supporting Statutory/Equitable Tolling" ("Supp. Opp.") in which he claimed he was actually innocent. (Supp. Opp. at 3.)  Petitioner correctly states that the Report failed to address his actual innocence claim.  (Objections at 4.)

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . the impediment [of] . . . expiration of the statute of limitations."  *McQuiggin v. Perkins*, 2013 WL 2300806, *3 (U.S. 2013).  "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."  *Id.* at *11.

To satisfy the standard, a petitioner must present "'new reliable evidence.'"  *House v. Bell*, 547 U.S. 518, 537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

Based on all the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Petitioner was convicted of rape of an intoxicated person and incest. (Petition at 2.) Petitioner presented no evidence, old or new, of innocence in his Supp. Opp. Instead, he cited the 29 grounds in his petition that allege, among other things, prosecutorial misconduct, ineffective assistance of counsel, and a "cover-up" by attorneys and the trial court. (Supp. Opp. at 3.) In his Objections, Petitioner alleges there was no DNA evidence and "zero blood alcohol content at time of alleged offence." (Objections at 4.) Petitioner again accuses his counsel and the district attorney of collaboration, who, according to Petitioner, "suppressed important excul[patory] ev[idence] which asserted actual innocence." (*Id.*) Petitioner has failed to meet the standard of an actual innocence claim.

In his objections, Petitioner argues that he relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. (Objections at 1-2.) The statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(c). However, Petitioner has not identified any such newly recognized constitutional right.

Petitioner has not shown that he is entitled to equitable tolling. Petitioner's remaining objections have no merit.

The Court accepts the findings and recommendation of the Magistrate Judge with the corrections and additional discussion in this order.

1       IT IS ORDERED that judgment be entered denying the petition and
2 dismissing this action with prejudice.

4 DATED: June 4, 2013

                                  JAMES V. SELNA
                            United States District Judge

4